UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUANDELL HICKMAN,

                    Plaintiff,

          -against-

CITY OF NEW YORK, ET AL.,

                    Defendants.

24-CV-1754 (LJL)

ORDER OF SERVICE

LEWIS J. LIMAN, United States District Judge:

Plaintiff, who currently is incarcerated at the George R. Vierno Center on Rikers Island, brings this action *pro se*. He asserts claims under 42 U.S.C. § 1983 and state law for alleged violations of his rights on February 2, 2024, during his detention at the Eric M. Taylor Center (EMTC) on Rikers Island. By order dated March 12, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Dkt. No. 4.[1] By order dated May 28, 2024, the Court granted Plaintiff leave to amend his complaint. Dkt. No. 7. Plaintiff filed an amended complaint on June 17, 2024. Dkt. No. 8.

## DISCUSSION

### A.    Waiver of Service

The Clerk of Court is directed to notify the New York City Department of Correction (DOC) and the New York City Law Department of this order. The Court requests that Defendants City of New York, Captain Wells (#1478), and Correction Officers Hagigal, Beormodox, Charles (#20106), Seargent, and Castello (#6620) waive service of summons.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

**B.      Defendants Munyin and Studwood**

Plaintiff names Correction Officers Munyin and Studwood as Defendants.  Plaintiff's original complaint alleged that Munyin was "used as fall guy" and is "witness not any defendant" and Studwood is "witness fall guy."  Dkt. No. 1 at ECF p. 3.  The amended complaint removes those characterizations but contains no other allegations against either officer.  In order to allege a constitutional claim against a defendant, Plaintiff must allege facts to plausibly allege that such defendant personally violated his constitutional rights.  *See Lewis v. Cunningham*, 483 F. App'x 617, 619 (2d Cir. 2012) ("a prison official must have some degree of personal involvement in an alleged constitutional deprivation to be personally liable"); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.1994) ( "[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)).  Plaintiff does not allege Munyin or Studwood's personal involvement.  Accordingly, the Court sua sponte dismisses the claims against those individuals without prejudice.

**C.      John Doe ESU Officer**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant.  121 F.3d 72, 76 (2d Cir. 1997).  In the complaint, Plaintiff supplies sufficient information to permit the DOC to identify the John Doe Emergency Service Unit (ESU) Officer present for the removal of handcuffs at EMTC on February 2, 2024, described in Plaintiff's amended complaint.  It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the DOC, must ascertain the identity of the John Doe defendant whom Plaintiff seeks to sue here and the address where the defendant may be served.[2]

---

[2] If the Doe defendant is a current or former DOC employee or official, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility.  If the Doe defendant is not a

The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days after receiving this information, Plaintiff must file a second amended complaint with the real name of the John Doe defendant.  The second amended complaint will replace, not supplement, the amended complaint.  A second amended complaint form is attached to this order.  Once Plaintiff has filed a second amended complaint, the Court will screen the second amended complaint and, if necessary, issue an order asking the newly named Defendant to waive service.

**D.      Automatic Discovery**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action.  Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."  Within 120 days of the date of this order, Defendants must serve responses to these standard discovery requests.  In their responses, Defendants must quote each request verbatim.[3]

**CONCLUSION**

All claims against Correction Officers Munyin and Studwood are dismissed.

The Clerk of Court is directed to mail an information package to Plaintiff.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that

---

current or former DOC employee or official, but otherwise works or worked at a DOC facility, the New York City Law Department must provide a residential address where the individual may be served.

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

Defendants City of New York, Captain Wells (#1478), and Correction Officers Hagigal,

Beormodox, Charles (#20106), Seargent, and Castello (#6620) waive service of summons.

The Clerk of Court is directed to mail a copy of this order and the amended complaint to

the New York City Law Department at: 100 Church Street, New York, NY 10007.

Local Civil Rule 33.2 applies to this action.

SO ORDERED.

Dated:    July 17, 2024
          New York, New York

LEWIS J. LIMAN
United States District Judge

4