UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
                                                          :
QUANDELL HICKMAN,                                         :
                                                          :
                               Plaintiff,                 :
                                                          :                    24-CV-01754 (JAV)
            -v-                                           :
                                                          :                    ORDER
CITY OF NEW YORK, et al.,                                 :
                                                          :
                                                          :
                               Defendants.                :
-------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

        Before the Court are two motions.  Counsel for Defendants ("the City") moves to compel

Plaintiff to provide Health Insurance Portability and Accountability Act (HIPAA) authorizations

for records relating to a pre-existing foot injury that Plaintiff testified at his deposition was

exacerbated by the incident at issue.  ECF No. 54 ("Dfts. Mot.") at 1.  Defendants seek Plaintiff's

entire medical record from June 20, 2017, through the present, from: (1) any primary care

physician, (2) NYC Health + Hospitals/Lincoln, (3) NYC Health + Hospitals/Harlem, and (4)

any other doctor, facility, or hospital where he received treatment for his foot.[1]  Plaintiff opposes

the scope of this motion on the basis that he has previously signed all requested HIPPA

documentation and that, because his surgery and follow-ups were all while he was in custody,

Defendants are already in possession of all relevant records.  ECF No. 55 ("Ptf. Mot.").  Plaintiff

further contends that the City refuses to produce additional video from the incident at issue,

including recordings on a phone the Department of Correction previously confiscated from him.

---

[1] Defense counsel represents that Plaintiff told him off the record that he sought medical
treatment for his foot at either Lincoln or Harlem Hospital, which Plaintiff does not deny.  *See
also* Dfts. Mot., Ex. A at 98; ECF No. 55.

*Id.*  Jointly, the parties also seek a sixty-day extension of time to complete discovery from May 5, 2026, to July 5, 2026, and an extension until July 15, 2026, to file the subsequent joint letter required by the Case Management Plan.  For the following reasons, Defendants' motion is **GRANTED IN PART AND DENIED IN PART**, and Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**.

Plaintiff testified at his deposition that he suffered physical pain as a result of the conduct alleged in his complaint, including in parts of his body that were recovering from prior injuries. Dfts. Mot., Ex A at 97.  Namely, he cites a reconstructive surgery on his third, fourth, and fifth metatarsals that had taken place sometime before February 2023.  *Id.* at 97-98.  It is well-settled that where a plaintiff places his medical condition at issue, defendants are entitled to obtain relevant medical records, including records pre-dating the incident, to evaluate causation and the extent of alleged injuries.  *See, e.g.*, *Vargas v. United States*, 401 F. Supp. 3d 346, 347 (E.D.N.Y. 2018) ("A plaintiff waives his right to privacy in his medical records when he puts his medical condition at issue in a lawsuit."); Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.").  Given the time period at issue, however, the Court finds records dating back to 2017 to be overbroad and instead orders Plaintiff to provide the City with HIPAA authorizations from 2020, three or more years before his surgery.  Accordingly, by **June 21, 2026**, Plaintiff is directed to produce HIPPA authorizations for medical records from June 1, 2020, through the present, from: (1) any primary care physician, (2) NYC Health + Hospitals/Lincoln, (3) NYC Health + Hospitals/Harlem, and (4) any other doctor, facility, or hospital where he received treatment for his foot.

With respect to the incident footage that the Court previously ordered the City to show to

the Plaintiffs, *see* ECF Nos. 41, 45, 47, Plaintiff claims that he was provided with the footage from body cameras, but not the video from the intake area or the holding cell.  ECF No. 51.  By **June 21, 2026,** the City should submit a declaration or affidavit from a person with knowledge as to whether there are any cameras in the intake area or the holding cells that would have captured any of the incident involving Plaintiff, and if so, the status of any relevant camera footage from the day in question.

Plaintiff separately contends that his confiscated, contraband cellphone in Defendants' possession contains "recordings of incidents," which he believes he is entitled to in discovery. Ptf. Mot.  Ample Supreme Court jurisprudence establishes broad latitude for prison contraband policies and practices, *see, e.g.*, *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 566 U.S. 318, 327 (2012) (citing cases), though their scope is not absolute, *see, e.g.*, *Farid v. Ellen*, 593 F.3d 233, 240 (2d Cir. 2010), and their interaction with Rule 26 discovery is relatively unexplored.  The posture of this case also creates a unique conundrum, in that Plaintiff has evidence that he would seek to use to support his claims in this case, and that is therefore subject to disclosure pursuant to Rule 26(a), but the evidence in question is purportedly in the custody of Defendants.

To the extent Plaintiff seeks the return of his phone, that motion is denied.  The City is ordered to determine the location of Plaintiff's phone.  If Plaintiff's phone is in the City's custody and control, the City is ordered to provide Plaintiff with his phone, while under custodial supervision, for the limited purpose of permitting Plaintiff to extract the relevant videos from his phone and share those videos with counsel for the City.  Once the videos have been extracted and produced to the City, the City may then continue to retain custody of the phone in accordance with the Department of Corrections' normal procedures.  The City shall provide an update

regarding its efforts to comply with this Order by **June 28, 2026.**

In light of this order, the deadlines in the Case Management Plan are hereby extended. The deadline for fact discovery is extended *nunc pro tunc* from May 5, 2026, to **August 28, 2026**, and the deadline to file the joint letter required by Paragraph 8(d) of the Case Management Plan is extended to **September 4, 2026.** The City is directed to file an updated Case Management Plan with the Court by **June 12, 2026**.

The Clerk of Court is directed to terminate ECF No. 54.

SO ORDERED.

Dated: June 5, 2026
      New York, New York

                                        JEANNETTE A. VARGAS
                                        United States District Judge

4